# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

FREDERICK L. MARTIN,

                        Plaintiff,

v.                                                                          Case No. 25-cv-0363-bhl

JENNIFER STAFFARONI,

                        Defendant.

## DECISION AND ORDER

Plaintiff Frederick Martin is incarcerated at the Oakhill Correctional Institution and representing himself in this 42 U.S.C. §1983 case. Martin asserts that Defendant Jennifer Staffaroni violated the Eighth Amendment when she was deliberately indifferent to the risks he faced because of his visual impairment. *See* Dkt. No. 10. On April 13, 2026, Staffaroni filed a motion for summary judgment on the ground that Martin failed to exhaust the available administrative remedies before he filed this lawsuit.[1] Dkt. No. 32. For the reasons explained below, the Court will deny the motion.

## BACKGROUND

At the relevant time, Martin was incarcerated at the Milwaukee Secure Detention Facility, where Staffaroni worked as a sergeant. On October 15, 2024, Martin submitted an inmate complaint in which he complained about being assigned to a top tier cell despite being visually impaired. He further stated that he fell down a flight of stairs and injured himself. In describing who he contacted in an attempt to resolve his issue prior to submitting the inmate complaint, Martin stated that an officer had mentioned Martin's visual impairment to the sergeant. The sergeant said to contact the health services unit, which did not believe that Martin had vision issues. In his description of the details surrounding the issue, Martin highlighted that the "intake/booking [health services unit] and correction staff was making fun of [him], disbelieving that [he is] really blind." In the recommendation to dismiss the inmate complaint, the institution complaint examiner

---

[1] Staffaroni erroneously titled her original motion as one for "partial" summary judgment. Staffaroni filed a corrected motion on May 21, 2026, which removed the word "partial." Dkt. No.39. She made no other changes to the motion.

confirmed that a determination of an impairment cannot be based solely on a statement of the prisoner or even on the statement of a medical provider.  Dkt. No. 34; Dkt. No. 35-2 at 9, 12.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party.  *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)).  In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial."  *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted).  "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts."  *Id.*  Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial."  *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

The Prison Litigation Reform Act, which applies to this case because Martin was incarcerated when he filed his complaint, provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted."  42 U.S.C. §1997e(a).  It has long been held that the exhaustion of administrative remedies must be done "properly" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."  *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).  To properly exhaust administrative remedies, prisoners must file their inmate complaints and appeals in the place, at the time, and in the manner that the institution's administrative rules require.  *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

There is no dispute that Martin pursued an inmate complaint through all levels of the inmate complaint review system.  However, the parties dispute whether the inmate complaint provided notice to the institution of the specific claim at issue in this lawsuit.  According to Staffaroni, the issue Martin complained about in his inmate complaint is different from his claim against Staffaroni.  Staffaroni asserts that, in the inmate complaint, she is not described by name or action,

2

nor does the inmate complaint reference that she ordered staff to ignore Martin's alleged disability, that she accused Martin of lying about his disability, or that those actions led to Martin falling down the stairs. According to Staffaroni, the inmate complaint describes only a disability issue, for which Martin sought an accommodation.

A "grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002). It "need not lay out the facts, articulate legal theories, or demand particular relief. All the grievance need do is object intelligibly to some asserted shortcoming." *Id*. at 650.

The Court concludes that Martin provided sufficient notice to the institution that he believed his improper assignment to a top tier was due, in part, to an unnamed sergeant "making fun of" him and "disbelieving" that he had a visual impairment. Indeed, in the dismissal recommendation, the institution complaint examiner indirectly addressed this issue by clarifying that the determination of whether a prisoner has an impairment cannot be made based solely on the inmate's statements. The institution complaint examiner further explained why assigning Martin to a top tier was reasonable, indirectly addressing the claim in this case that Staffaroni was deliberately indifferent when she instructed staff to ignore Martin's statements that he could not be safely housed on the top tier because of his visual impairment. Because the inmate complaint provided notice to the institution that Martin believed he was injured, in part, because staff followed Staffaroni's direction to ignore Martin's insistence that he was blind and therefore could not be safely housed on the top tier, Martin satisfied the exhaustion requirement and Staffaroni's motion for summary judgment on exhaustion grounds must be denied.

**IT IS THEREFORE ORDERED** that Staffaroni's motion for summary judgment on exhaustion grounds (Dkt. Nos. 32, 39) are **DENIED**.

**IT IS FURTHER ORDERED** that the stay on discovery is **LIFTED**. The parties must complete discovery by **August 28, 2026**. The parties may move for summary judgment on the merits by **September 28, 2026**.

Dated at Milwaukee, Wisconsin this 16th day of June, 2026.

BY THE COURT:

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge